IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SEEGARS,               ) | No. C 07-3139 MJJ (PR) |
| Petitioner,    ) | **ORDER DENYING MOTION OBJECTING TO DISMISSAL** |
| v.                                         ) | |
| SUZAN HUBBARD,          ) | **(Docket No. 4)** |
| Respondent.    ) | |

Petitioner, a California prisoner, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging a 1989 conviction and sentence from Santa Clara County Superior Court. In the petition, petitioner stated that he had a "petition, appeal or other post-conviction proceeding . . . now pending" in the California Supreme Court. See Petition at 5. Consequently, the petition was dismissed without prejudice to refiling once all state court post-conviction challenges to petitioner's conviction and sentence have been completed, and all claims petitioner wishes to raise in federal court have been presented to the California Supreme Court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).

Petitioner has filed a motion "objecting" to this dismissal, stating that his pending habeas petition in the California Supreme Court only seeks production of a transcript, and does not seek the relief sought herein, namely that his sentence be overturned. As there is no possibility that petitioner will obtain in state court the relief he seeks in this case, the rule in Sherwood does not apply. Cf. id. Nevertheless, the Court finds dismissal appropriate for another reason, namely that the petition fails to state a cognizable claim for relief.

In his petition, petitioner claims that his 1989 sentence violates his Sixth Amendment right to a jury trial because the trial judge imposed the "upper term" following a jury verdict. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 488-90 (2000). The "statutory maximum" for Apprendi purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. Blakely v. Washington, 542 U.S. 296, 303-04 (2004). See, e.g., Cunningham v. California,127 S. Ct. 856, 871(2007) (finding the Supreme Court's decisions from Apprendi to Booker point to the middle term specified in California's statutes, not the upper term, as the relevant statutory maximum; therefore, California's determinate sentencing law violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence); United States v. Booker, 543 U.S. 220, 288-90 (2005) (holding that Blakely applies to the federal sentencing guidelines).

Apprendi announced a new constitutional rule of criminal procedure, however, that does not apply retroactively to cases on collateral review, such as the instant matter. United States v. Sanchez-Cervantes, 282 F.3d 664, 665 (9th Cir. 2002); see also Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005) (Blakely announced a new constitutional rule of criminal procedure that does not apply retroactively on habeas review); United States v. Cruz, 423 F.3d 1119, 1122 (9th Cir. 2005) (Booker does not apply retroactively on habeas review). Petitioner asserts that Cunningham does apply retroactively because it simply applied the law of Apprendi to California's sentencing scheme, and the decision did not announce a new rule of constitutional law. This Court is not aware of any case law deciding whether or not Cunningham applies retroactively, but that question is not determinative. Petitioner's claim, like the decision in Cunningham, is based on the rule announced in Apprendi. As Apprendi does not apply retroactively to petitioner's 1989 sentence, he may

not challenge his sentence on the basis of the Apprendi rule in a federal habeas petition. Consequently, the petition fails to state a cognizable claim for federal habeas relief.

Petitioner's motion objecting to the dismissal of this matter is DENIED.

This order terminates Docket No. 4.

IT IS SO ORDERED.

DATED: 9/1/07

*[signature]*
MARTIN J. JENKINS
United States District Judge

G:\PRO-SE\MJJ\HC.07\seegars.osc.wpd                3